## MISSOURI PACIFIC RAILROAD COMPANY, Petitioner,

v.

## BROWNSVILLE NAVIGATION DISTRICT, Respondent.

### No. B–1848.

Supreme Court of Texas.

April 22, 1970.

Rehearing Denied May 20, 1970.

Hardy & Sharpe, Eduardo R. Rodriguez, Brownsville, for petitioner.

Kleberg, Mobley, Lockett & Weil, Leslie S. Lockett, Corpus Christi, for respondent.

WALKER, Justice.

The question in this case is sovereign immunity from suit. Uncie Wells, a brakeman for Missouri Pacific Railroad Company, lost his life as the result of an accident that occurred on December 22, 1967. His statutory beneficiaries sued MoPac and Lallier & Co. for damages, claiming that the death of Wells was proximately caused by defendants' negligence. According to the allegations of the petition, Wells was knocked from a ladder on the train by a crane that was owned by Lallier & Co. and that had been left too near the track over which the train was moving.

MoPac filed a cross-action against Brownsville Navigation District of Camer-

on County, Texas, seeking indemnity for any sums it was adjudged to pay. As a basis for its claim of indemnity, MoPac alleged a written track agreement providing that District "would not permit to be constructed, placed, or erected, over, under, or adjacent to any of the tracks on the lands of the District, any structure, object, or obstruction which would violate any statute, law, or regulation then in effect with respect to the subjects of clearances or safety margins in the vicinity of railroad tracks." MoPac further alleged that District placed, or permitted the placement of, a mobile dragline near the track in violation of Article 6559b,[1] and that this was the sole cause of Wells' death.

District filed a pleading labeled "Plea to the Jurisdiction, Plea in Abatement and Motion to Dismiss." It there prayed that the cross-action be abated and dismissed on the ground that it is a political subdivision of the State performing governmental functions and that consent to its being sued had not been given. The trial court severed the claims asserted by MoPac against District, sustained the plea to the jurisdiction, and dismissed the cross-action. The Court of Civil Appeals affirmed. 445 S. W.2d 818. We reverse the judgments of the courts below and remand the case to the district court.

It is necessary to distinguish between two different governmental immunities: (1) immunity from suit without consent even though there is no dispute as to liability of the sovereign; and (2) immunity from liability even though consent to the suit has been granted. See 27 Tex.Law Rev. 337. We are concerned here only with the former. District was originally created under the authority of Article 16, Section 59, of the Texas Constitution, Vernon's Ann.St., and Chapter 5 of the General Laws passed by the Legislature in 1925. Acts 1925, 39th Leg., p. 7, ch. 5.

Four years later the Legislature formally created and validated District and provided, among other things, for the election of the navigation and canal commissioners. Acts 1929, 41st Leg., p. 410, ch. 192. Another statute which by its terms formally creates District and validates certain of its actions was passed in 1931. Acts 1931, 42nd Leg., Sp.Laws, p. 5, ch. 3. Each of the validating acts makes it clear that District would, except as otherwise provided, continue to be governed by the statute under which it was originally created, and no change was made with respect to suits against District. Section 46 of the 1925 Act, which is now Section 46 of Article 8263h, provides as follows:

"All navigation districts established under this Act may, by and through the navigation and canal commissioners, sue and be sued in all courts of this State in the name of such navigation district, and all courts of this State shall take judicial notice of the establishment of all districts."

District points out that there are other statutes in which the Legislature's intention to give consent to suits has been more clearly expressed. See Article 1176a, Vernon's Ann.P.C.; Articles 6252–19, 6453, 7057b. On the other hand suits against counties have been held to be authorized by statutes that simply require the filing of a claim before institution of suit, provide for inhabitants of the county to serve as jurors or witnesses, and prohibit the issuance of an execution on a judgment against the county. Articles 1572 et seq.; Hamilton County v. Garrett, 62 Tex. 602. In our opinion Article 8263h is quite plain and gives general consent for District to be sued in the courts of Texas in the same manner as other defendants.

MoPac did not allege, or seek leave to amend and allege, that consent to the suit

---

1. Except as otherwise indicated, all statutes are referred to by the article number under which they appear in Vernon's Annotated Texas Civil Statutes.

had been given, and District insists that an allegation of consent must be made by anyone suing a governmental unit. This is so when the action is against the State and there is no general statute authorizing suits of that nature. In Walsh v. University of Texas, Tex.Civ.App., 169 S.W.2d 993 (wr. ref.), it was observed that the trial court had no jurisdiction to hear the case without an allegation and showing of consent. That rule is entirely sound where the suit may not be maintained unless authorized by a special act or resolution. In this instance, however, District is a political subdivision that is always subject to suit by virtue of a general statute, and it is not necessary to allege or prove the statute under these circumstances.

District also says, and with some reason, that MoPac never contended prior to oral argument in this Court that the suit was authorized by general statute. None of the points of error in the Court of Civil Appeals asserted that the Legislature had given consent. Article 8263h and other similar statutes applicable to navigation districts[2] were not cited there. It is not surprising, therefore, that the intermediate court affirmed the judgment of the trial court dismissing the cross-action. In the argument under one of the points in the Court of Civil Appeals, in the motion for rehearing there, and in its argument here, however, MoPac insisted that navigation districts are suable in the same manner as counties and school districts. Since this argument led us to Article 8263h and the other statutes mentioned above, we regard it as sufficient to present the contention that the Legislature had, as in the case of counties and school districts, given general consent to suits against District. The case is not ripe for a determination of the question of immunity from liability, and it is not considered or decided.

The judgments of the courts below are reversed, and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.

2. See Articles 8228 and 8263e § 75.