CV2-622 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-622-CV





LAWRENCE EDWARD THOMPSON,



 APPELLANT


vs.





TEXAS DEPARTMENT OF CRIMINAL JUSTICE--INSTITUTIONAL DIVISION,




 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT



NO. 92-00851, HONORABLE JERRY DELLANA, JUDGE PRESIDING



 





PER CURIAM



 Lawrence Edward Thompson appeals the dismissal of his pro se in forma pauperis
lawsuit against appellee, Texas Department of Criminal Justice--Institutional Division (the
Department). Thompson sued the Department for money he claimed was owed him as "get out"
money for discharging two criminal sentences, although still incarcerated on other outstanding
sentences. (1) The Department moved to dismiss the suit as frivolous. Tex. Civ. Prac. & Rem.
Code Ann. § 13.001 (West Supp. 1994)(the Code). We will affirm the judgment of dismissal.

 A trial court may dismiss a suit brought in forma pauperis if it finds that the action
is frivolous or malicious. Code § 13.001(a)(2). A claim may be dismissed as frivolous if the
claim has no arguable basis in law or fact. Code § 13.001(b)(2). (2) An example of a legally
baseless claim is an "indisputably meritless legal theory," such as naming a defendant who is
immune from suit. See Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.--Waco 1991, writ
denied). An example of a factually baseless claim is one arising out of a fantastic or delusional
scenario. See Thompson v. Ereckson, 814 S.W.2d 805, 807 (Tex. App.--Waco 1991, no writ).

 Trial courts have broad discretion in dismissing in forma pauperis suits as
frivolous. Johnson v. Lynaugh, 766 S.W.2d 393, 394 (Tex. App.--Tyler 1989), writ denied per
curiam, 796 S.W.2d 705 (Tex. 1990). The special concern about in forma pauperis proceedings
is the need to balance access to the judicial system regardless of ability to pay against the
problems generated by litigants against whom the usual economic constraints against frivolous or
harassing litigation may not be effective. Neitzke v. Williams, 490 U.S. 319, 324 (1989). This
concern is particularly strong in prisoner litigation. Spellmon v. Sweeney, 819 S.W.2d 206, 209
(Tex. App.--Waco 1991, no writ); Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986).

 A trial court may dismiss an action as frivolous or malicious at any time, even
before an answer is filed. Code § 13.001(c); Kendrick v. Lynaugh, 804 S.W.2d 153, 156 (Tex.
App.--Houston [14th Dist. 1990, no writ). The court may dismiss a suit without giving the
plaintiff an opportunity to amend. Johnson v. Peterson, 799 S.W.2d 345, 346-47 (Tex.
App.--Houston [14th Dist.] 1990, no writ). It may dismiss a suit without a hearing, except when
a fact finding is required to support a dismissal of a suit for having no arguable basis in fact. See
Thomas v. Holder, 836 S.W.2d 351, 352 (Tex. App.--Tyler 1992, no writ).

 Appellate courts review dismissals under section 13.001 using an abuse of
discretion standard. Pedraza v. Tibbs, 826 S.W.2d 695, 698-99 (Tex. App.--Houston [1st Dist.]
1992, writ dism'd w.o.j.). An appellate court may reverse a trial court for abuse of discretion
only if, after searching the record, it is clear that the decision was arbitrary and unreasonable. 
Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987). The party claiming
abuse of discretion has the burden to bring forth a record showing such abuse. See Englander
Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex. 1968). Absent such a record, the reviewing court
presumes that the evidence before the trial judge was adequate to support the decision. Simon,
739 S.W.2d at 795; Mays v. Pierce, 281 S.W.2d 79, 82 (Tex. 1955). Dismissals that do not state
the statutory provision upon which the trial court relied will be deemed to be based on section
13.001 (b)(2). Timmons v. Luce, 840 S.W.2d 582, 584 (Tex. App.--Tyler 1992, no writ). 



Sovereign Immunity

 The State's answer claimed that sovereign immunity barred this suit. Accordingly,
we assume that the trial court dismissed the cause under Code section 13.001(b)(2) because the
only defendant is immune from suit. See Timmons, 840 S.W.2d at 584; Birdo, 814 S.W.2d at
810. We agree that sovereign immunity bars this suit, which is an action against a state agency,
and thus the state, for a monetary claim.

 Sovereign immunity has two branches: immunity from liability, unless waived, see
Missouri Pac. R.R. v. Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970), Green
Int'l Inc. v. State, 877 S.W.2d 428, 432 (Tex. App.--Austin 1994, writ requested); and immunity
from suit without consent, Missouri Pac. R.R., 453 S.W.2d at 813. The doctrine bars a suit
against the state unless the state has expressly given its consent to be sued. See, e.g., Missouri
Pac. R.R., 453 S.W.2d at 814 (statute that created navigation district and stated that district can
"sue and be sued in all courts of this state" was sufficient consent to sue state); Texas Tort Claims
Act., Tex. Civ. Prac. & Rem. Code Ann. § 101.025 (West 1986) (person having claim under the
act is granted permission to sue).

 In a suit against the state, a plaintiff generally has the burden to plead and prove
that immunity to suit has been waived. Missouri Pac. R.R., 453 S.W.2d at 813-814; Walsh v.
Univ. of Tex., 169 S.W.2d 993, 994 (Tex. Civ. App.--El Paso 1942, writ ref'd); Green, 877
S.W.2d at 437. Without an allegation and showing of consent to suit, the court is without
jurisdiction to hear the case. Walsh, 169 S.W.2d at 994; Green, 877 S.W.2d at 437. Appellant
has not shown the state has consented to suit; sovereign immunity bars his suit.



Special Exceptions

 In his first point of error, appellant contends that he should have had the
opportunity to amend his pleadings before dismissal. He contends that appellees should have filed
special exceptions with the trial court, rather than a motion to dismiss, and that, if the exceptions
were granted, he should have been given the opportunity to amend his pleadings before the court
dismissed his cause. Texas Dep't of Corrections v. Herring, 513 S.W.2d 6, 10 (Tex. 1974). 
Dismissal under the in forma pauperis provisions, however, may occur even before service of
process. Code § 13.001(c); McDonald, 813 S.W.2d at 239, n.1 (suit can be dismissed without
court requiring clerk to issue service of process). Logically then, the suit may be dismissed
without special exceptions being made and an opportunity to amend. See Johnson, 799 S.W.2d
at 346-47 (dismissal provisions take priority over rule regarding special exceptions; not error to
grant special exceptions and motion to dismiss on same day without opportunity to amend); see
also Kendrick, 804 S.W.2d at 156. We overrule point of error number one.



Discovery

 Appellant's second and third points of error relate to unsuccessful attempts to
discover his parole records, apparently with the purpose of attempting to prove that he had
actually served out the full time of the sentences for which he is claiming "get out" money. 
Possession of the information he sought about his parole records does not waive the State's
immunity from suit. Any error was harmless because appellant is barred from suing the state at
all on the underlying cause of action. See Tex. R. App. P. 81(b)(1).


 We affirm the trial court's judgment dismissing this cause.

 

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: November 2, 1994

Do Not Publish
1. [1] Upon an inmate's discharge or release to parole, mandatory supervision, or conditional
pardon, the Department shall provide the inmate with suitable civilian clothing, any money in the
inmate's trust fund, and a total of $100.00. Tex. Gov't Code Ann. § 501.015 (West Supp. 1994).
2. [2] Although section 13.001 gives three bases for dismissal, reliance on other than 13.001(b)(2)
has been discouraged. See, e.g., Johnson, 796 S.W.2d at 706; Spellmon, 819 S.W.2d at 208;
McDonald v. Houston Dairy, 813 S.W.2d 238, 238-39 (Tex. App.--Houston [1st Dist.] 1991, no
writ); Birdo, 814 S.W.2d at 810.