# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## --------------
## NO. 03-02-00110-CV
## --------------

**Rita Hill, Appellant**

**v.**

**Burnet County Sheriff=s Department and Burnet County, Texas, Appellees**

---

**FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
NO. 20,807, HONORABLE V. MURRAY JORDAN, JUDGE PRESIDING**

---

Appellant Rita Hill appeals the district court=s order granting a plea to the jurisdiction filed by the Burnet County Sheriff=s Department and Burnet County, Texas (ABurnet County@). In two issues, Hill contends that the district court erred by granting Burnet County=s plea to the jurisdiction because (1) she was constructively discharged as defined by the Texas Whistleblower Act, *see* Tex. Gov=t Code Ann. ' 554.002 (West 1994 & Supp. 2002) & ' 554.0035 (West Supp. 2002), and (2) she was terminated because she made a good faith report of a violation of law.[1] We will reverse the judgment of the district court and remand the cause for further proceedings.

---

[1] Burnet County restates the issues more accurately as A[w]hether the trial court lacked jurisdiction over Plaintiff=s Whistleblower Act claim because Plaintiff=s pleadings and the relevant

jurisdictional evidence establish, as a matter of law, that Plaintiff has not alleged an actionable constructive discharge based on a report of an alleged violation of law.@

## BACKGROUND

From 1994 to 2000, Hill was employed by the Burnet County Sheriff=s Department as a dispatcher. In Spring 2000, Hill and two other employees observed that Hill=s supervisor, Janie Prew, was falsifying her time records. Hill and the other employees gave written notice of the time record discrepancies to Sheriff=s Department administrators, but no action was taken. Subsequently, Hill and another employee reported their concerns to the Burnet County District Attorney=s Office, and the Sheriff=s Department began an investigation. Following her report to the District Attorney=s office, Hill received hostile telephone calls at her home from her superiors. Prew and other Sheriff=s Department employees stopped communicating with her except on matters related to the investigation.

In August 2000, a representative of the Sheriff=s Department advised Hill that she had twenty-four hours to sign a confidentiality agreement relating to the investigation or else be subject to disciplinary action or termination; no other employee of the Sheriff=s Department was given a similar deadline or ultimatum. During the investigation, Hill was called away from her station, in Prew=s presence, on two separate occasions to discuss her report and the investigation; no other employee was called away from her station in the same manner. An investigator informed Hill that she would be required to undergo a polygraph test before Prew; no other employees were told they would be required to take a polygraph test. From the time Hill and the other employee made their report to the District Attorney=s office, Hill was subjected to hostility from her superiors at the Sheriff=s Department. Finally, Hill engaged in a verbal altercation with Sheriff Joe Pollock that caused her to physically

collapse. Because of the stress from the harassment and hostile work environment, Hill resigned from her position on August 16, 2000.

On October 4, 2001, Hill filed her first amended petition contending that she had been forced to resign because of retaliation in violation of the Texas Whistleblower Act. Burnet County filed a plea to the jurisdiction contending that Hill Ahas pled allegations that affirmatively establishes [sic] this court=s lack of subject matter jurisdiction based on sovereign immunity. Alternatively, Plaintiff has pled in bad faith with the purpose of attempting to confer jurisdiction when under true and undisputed facts the County=s sovereign immunity has not been waived.@ On February 4, 2002, the district court granted Burnet County=s plea to the jurisdiction. Hill appeals the judgment.

## DISCUSSION

### *Standard of Review*

Because subject matter jurisdiction presents a legal question, we review the district court=s ruling on a plea to the jurisdiction *de novo. Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). A plea to the jurisdiction contests a trial court=s authority to consider the subject matter of a cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 752 (Tex. App.CAustin 1998, no pet.). In order to prevail, the party asserting the plea to the jurisdiction must show that even if all the allegations in the plaintiff=s pleadings are taken as true, there is an incurable jurisdictional defect apparent from the face of the pleadings, rendering it impossible for the plaintiff=s petition to confer jurisdiction on the trial court. *Texas Bd. of Pardons & Paroles v. Feinblatt*, ___ S.W.3d ___, 2002 Tex. App. LEXIS 3071, at

**4**

*8 (Tex. App.—Austin 2002, no pet. h.) (citing *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.)).

The plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We must construe the allegations in the petition in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true. *Id.; Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989). The truth of the plaintiff's allegations is at issue only if the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction on the court. *Feinblatt,* 2002 Tex. App. LEXIS 3071, at *9. Further, "a court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve jurisdictional issues raised." *Id.* (quoting *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555).

On judicial review of a plea to the jurisdiction based on sovereign immunity, our task is not to determine whether the plaintiff ultimately wins or loses; rather, our task is to decide whether the facts as alleged support jurisdiction in the trial court. *Id.* Generally, a petition is sufficient to confer jurisdiction on the court to hear a matter if it gives fair notice of acts upon which the pleader bases his claims so that the opposing party may adequately prepare a defense. *See Garvey v. Vawter*, 795 S.W.2d 741, 742 (Tex. 1990). A petition is sufficient if the cause of action may be reasonably inferred from what is specifically stated. *See Crockett v. Bell*, 909 S.W.2d 70, 72 (Tex. App.—Houston [14th Dist.] 1995, no writ).

*Sovereign Immunity*

Because governmental immunity from suit defeats a trial court=s subject matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Texas Dep=t of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999); *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997); *Missouri Pac. R.R. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 814 (Tex. 1970). The party suing the governmental entity must establish the state=s consent, which may be alleged either by reference to a statute or to express legislative permission. *Jones*, 8 S.W.3d at 637; *Missouri Pac. R.R.*, 453 S.W.2d at 814. AThe courts of our state require clear and unambiguous legislative expression before they will hold that sovereign immunity has been waived.@ *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex. 2000).

The Whistleblower Act contains an express waiver of the state=s sovereign immunity. Tex. Gov=t Code Ann. ' 554.0035. In effect, this waiver permits a district court to exercise jurisdiction once a plaintiff sufficiently pleads a claim under the Whistleblower Act. *See Federal Sign*, 951 S.W.2d at 405; *Hohman*, 6 S.W.3d at 772. Accordingly, Hill=s appeal turns on whether her petition sufficiently pleads a claim under the Act; it does not turn on whether she can prevail on the merits of her claim.

*The Texas Whistleblower Act*

The Whistleblower Act prohibits a state or local governmental entity from suspending or terminating the employment of a public employee who Ain good faith reports a violation of law by the employing entity or another public employee to an appropriate law enforcement authority.@ Tex. Gov=t Code Ann. ' 554.002(a). *See also Texas Dep't of Transportation v. Needham*, 45 Tex. Sup. Ct. J.

**6**

631, 633, 2002 Tex. LEXIS 55, at \*8 (May 9, 2002). The Act Aprotects public employees who attempt to report illegal activity.@ *Wichita County v. Hart*, 917 S.W.2d 779, 784 (Tex. 1996). The Act Ais designed to enhance openness in government and compel the government=s compliance with the law by protecting those who inform authorities of wrongdoing.@ *Castaneda v. Texas Dep=t of Agric.*, 831 S.W.2d 501, 503 (Tex. App.CCorpus Christi 1992, writ denied). In considering the scope of the Act, this Court has recognized that the Whistleblower Act has been invoked on behalf of Apublic employees who are fired in retaliation for reporting their employers= violations of law that are detrimental to the public good or society in general.@ *Stinnett v. Williamson County Sheriff=s Dep=t*, 858 S.W.2d 573, 575 (Tex. App.CAustin 1993, writ denied). As a remedial statute, we construe the Act liberally. *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1281 (5th Cir. 1991).

The cause of action created in the Whistleblower Act is purely statutory; it creates a right and provides a remedy unknown to the common law of Texas. *Hart,* 917 S.W.2d at 782; *City of San Antonio v. Heim*, 932 S.W.2d 287, 290 (Tex. App.CAustin 1996, writ denied). To prevail on her claim under the Act, Hill must allege the existence of each of the following elements: (1) she is a public employee; (2) she acted in good faith in making her report; (3) the report involved a violation of law; (4) the report was made to an appropriate law enforcement authority; and (5) she suffered retaliation as a result of making the report. *See* Tex. Gov=t Code Ann. ' 554.002(a); *Heim*, 932 S.W.2d at 290. Hill=s petition alleged that she was a public employee, that she acted in good faith in making the report, that her report involved a violation of law, that she made reports to a law enforcement authority, and that she was forced to resign her position because of retaliation for her

7

report.[2] Viewing Hill=s pleading under the appropriate standard of review, we conclude that it does allege facts sufficient to invoke the jurisdiction of the trial court.

Burnet County did not challenge the sufficiency of Hill=s pleadings concerning the first four elements. In its plea to the jurisdiction, Burnet County contended that Hill failed to plead an Aadverse personnel action@ because her Aallegations of constructive discharge [we]re insufficient as a matter of law.@ In the alternative, Burnet County contended that APlaintiff=s allegations of a hostile work environment after her alleged report of a violation of law are insufficient, as a matter of law, to support a viable causal link between any adverse employment action that may be pled, and the reporting of illegal conduct.@

In her petition, Hill asserted that she Awas a public employee, working as a dispatcher for the Burnet County Sheriff=s Department.@ Hill further contended that she Aacted in good faith when she first reported to Captain Smith, Ms. Prew=s immediate supervisor, her belief that Ms. Prew was falsifying her time sheets.@ Hill also alleged that it was her Abelief that falsifying government documents, such as time sheets, was a violation of law.@[3] When Smith failed to take action on Hill=s

---

[2] In its brief, Burnet County concedes that Afactual allegations of constructive discharge may satisfy the >termination= requirement under the Whistleblower Act.@

[3] In her petition, Hill cites to section 37.10(a)(1) of the Texas Penal Code: AA person commits an offense if he knowingly makes a false entry in, or false alteration of, a governmental record.@ Tex. Pen. Code Ann. ' 37.10(a)(1) (West Supp. 2002).

8

report, she Abelieved she had a duty to report what she believed in good faith was a violation of law to the next law enforcement agency, the Burnet County district attorney=s office,@and that her reports Awere made to the appropriate law enforcement authorities.@ Finally, Hill made the following allegations concerning retaliation:

> Plaintiff suffered retaliation as a result of making the report by being singled out from her male co-worker during the investigation. Plaintiff was pulled from her duty station in front of and/or with the knowledge of the subject of the investigation, her supervisor, to be interviewed for several hours by the Sheriff=s Department investigator and then had to return to her work station under the scrutiny of her supervisor. Plaintiff was retaliated against when she was told that she would have to take a polygraph test before the person under investigation, and her co-worker that made the report, was not told he had to take a polygraph test. Plaintiff was further retaliated against when she was given a confidentiality form and told that she had to sign it within twenty-four (24) hours or face disciplinary action, including termination and no one else was given such an ultimatum. Finally, Plaintiff suffered retaliation when she was forced to resign her position because of the stress and physical problems that arose from the hostile work environment and the retaliatory conduct of Sheriff Department officials that occurred after she made a good faith report of a violation of law by her supervisor to Captain Smith and the district attorney=s office.

Taking the above alleged facts as true as we must, construing the pleadings in Hill=s favor, and looking to Hill=s intent, we conclude the facts alleged by Hill in her petition are sufficient to meet the pleading requirements and are sufficient to invoke the subject matter jurisdiction of the district court. Taken as true, the petition reasonably conveys that Hill observed conduct by Prew that she believed constituted a violation of law. After she reported the violation of law, the Sheriff=s Department retaliated against her, ultimately leading to her constructive discharge. Although the facts alleged by Hill concerning retaliation are minimal, they do not affirmatively demonstrate that she did not suffer retaliation. Nor do the facts alleged by Hill negate causation as a matter of law. We are not asked to decide whether Hill=s Whistleblower claim lacks merit because the retaliatory acts she

**9**

alleged do not constitute a constructive discharge or because Hill cannot show that the retaliation leading to her resignation would not have occurred but for her report; we are only asked to determine whether her pleadings invoke the trial court=s jurisdiction. Because the facts alleged by Hill are sufficient to invoke the jurisdiction of the district court, we conclude that the district court erred by granting Burnet County=s plea to the jurisdiction.

## CONCLUSION

As they relate to her pleadings, we sustain Hill=s issues on appeal. Accordingly, we reverse the judgment of the district court and remand the cause for further proceedings.


Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Remanded

Filed: September 12, 2002

Publish