Opinion issued July 15, 2004

  












In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-04-00022-CV
____________
 
METROPOLITAN TRANSIT AUTHORITY, Appellant
 
V.
 
MEB ENGINEERING, INC., Appellee
 

 
 
On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2003-11948
 

 
 
O P I N I O N
          The Metropolitan Transit Authority (METRO) appeals the denial of its plea to
the jurisdiction relating to a breach of contract claim against METRO brought by
MEB Engineering, Inc. (MEB). Of the two points of error presented by METRO, the
dispositive issue that we address is whether section 451.054 of the Transportation
Code waives METRO’s immunity from suit. We affirm. 
Background
          In its original petition, MEB alleged that, as a general contractor, it entered into
three construction contracts with METRO. MEB further alleged that, during its
performance of the contracts, MEB performed “extra work” for METRO and suffered
delays due to METRO’s failures to plan properly in advance of the construction
projects. MEB sued METRO for breach of contract, quantum meruit, and fraud,
seeking more than $1.5 million in damages.
          METRO counterclaimed, alleging that it was contractually entitled to
liquidated damages from MEB for the delay in completing the contracts. METRO
alleged breach of contract and breach of warranty claims against MEB, seeking more
than $400,000 in damages, plus attorney’s fees.
          METRO, then, filed a plea to the jurisdiction, asserting that it was immune
from suit as a governmental unit.


 MEB responded that the “sue and be sued”
language in the Transportation Code, section 451.054 waives METRO’s immunity
from suit. The trial court dismissed MEB’s quantum meruit and fraud causes of
action, but denied METRO’s plea to the jurisdiction with respect to MEB’s breach
of contract claim. 
          In two points of error, METRO argues that the “sue and be sued” language in
the Transportation Code does not waive its governmental immunity from suit and that
MEB failed to allege any other express waiver of immunity that would invoke the
trial court’s jurisdiction.
Standard and Scope of Review
          Subject-matter jurisdiction is essential for a court to have the authority to
resolve a case. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993). A party may challenge a court’s subject matter jurisdiction by filing a plea to
the jurisdiction. See Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638-39 (Tex.
1999). As a question of law, we review de novo the trial court’s ruling on such a
plea. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In
conducting this de novo review, we do not look at the merits of the plaintiff’s case, 
but consider only the plaintiff’s pleadings and the evidence pertinent to the
jurisdictional inquiry. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex.
2002). We construe the pleadings liberally in favor of conferring jurisdiction. Tex.
Dep’t of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002).
 
Waiver of Immunity
          Governmental immunity encompasses two principles: (1) immunity from suit
(barring a lawsuit unless the legislature expressly gives its consent to suit) and (2)
immunity from liability (protection from judgments even if the legislature has
expressly given its consent to suit). Travis County v. Pelzel & Assocs.,77 S.W.3d
246, 248 (Tex. 2002). Immunity from liability does not affect a court’s subject-matter
jurisdiction. Jones, 8 S.W.3d at 638. In contrast, even if liability is undisputed,
immunity from suit deprives a trial court of subject-matter jurisdiction and is properly
asserted in a plea to the jurisdiction. Id.
          When a governmental entity contracts with a private party, as METRO has
done here, it is liable on its contracts as if it were a private party. See Gen. Servs. 
Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001). Therefore, by
contracting with MEB, METRO waived its immunity from liability. However, a
governmental entity does not waive immunity from suit simply by contracting with
a private party. Fed. Sign v. Tex. S. Univ., 951 S.W.2d 410, 408 (Tex. 1997)
superseded by statute on other grounds as stated in Little-Tex Insulation Co., 39
S.W.3d at 593; Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 592 (Tex.
App.—Austin 1991, writ denied). Express consent is required to show that immunity
from suit has been waived. Fed. Sign, 951 S.W.2d at 408.
          A party may establish consent to suit by statute or legislative resolution. 
Little-Tex, 39 S.W.3d at 594. Such consent must be expressed by “clear and
unambiguous language.” Tex. Gov’t Code Ann. § 311.034 (Vernon Supp. 2004);
Fed. Sign, 951 S.W.2d at 405. Accordingly, we must determine whether the
legislature has, by clear and unambiguous language in Transportation Code section
451.054, waived METRO’s immunity from suit. See City of LaPorte v. Barfield, 898
S.W.2d 288, 291 (Tex. 1995) (stating that clear-and-unambiguous requirement for
waiving immunity applies to governmental entities other than the state).
          Texas Transportation Code section 451.054 (entitled “General Powers of
Authority”


) provides, in relevant part, as follows:
(c)An authority may sue and be sued. An authority may not be
required to give security for costs in a suit brought or prosecuted
by the authority and may not be required to give a supersedeas or
cost bond in an appeal of a judgment.

Tex. Transp. Code Ann. § 451.054 (Vernon 1999) (emphasis added).
          MEB contends that the “sue or be sued” language in 451.054(c) constitutes a
waiver of METRO’s immunity from suit. METRO, however, argues that this
language simply denotes its capacity to utilize the courts and does not waive its
immunity from suit.
          In Missouri Pacific Railroad Company v. Brownsville Navigation District, the
Texas Supreme Court faced a similar question. 453 S.W.2d 812 (Tex. 1970). The
court was asked to interpret the “sue and be sued” language found in section 46 of
article 8263h, a 1925 statute that authorized the creation of the Brownsville
Navigation District of Cameron County, Texas. Id. The statute in question provided
as follows: “All navigation districts established under this Act may, by and through
the navigation and canal commissioners, sue and be sued in all courts of this State in
the name of such navigation district, and all courts of this State shall take judicial
notice of the establishment of all districts.” Id. at 813 (emphasis added).
          The Missouri Pacific case arose when a brakeman for Missouri Pacific Railroad
died after being knocked from a train ladder by a crane that had been left too close to the
track. Id. at 812-13. The brakeman’s beneficiaries sued Missouri Pacific, which filed a
cross-action for indemnity against Brownsville Navigation District. Id. The cross-action
was based on a contract between Missouri Pacific and the navigation district that
prohibited the district from allowing certain objects to be placed near the track. Id. The
trial court granted the plea to the jurisdiction on the basis that the district was a
subdivision of the State and that the consent to suit had not been given. Id. at 813. The
court of civil appeals affirmed. Id. Reversing the court of appeals, the Missouri Pacific
court addressed the issue of whether the “sue and be sued” language waived immunity
from suit and concluded,“In our opinion [the navigation statute] is quite plain and gives
general consent for the District to be sued in the courts of Texas in the same manner as
other defendants.” Id. (emphasis added). 
          In its brief, METRO recognizes that, in Missouri Pacific, the Texas Supreme Court
“held that a similar sue-and-be-sued provision waived the district’s immunity from suit.” 
It neglects to explain, however, why this Court is not bound by that authority in this case. 
 As an intermediate court of appeals, we must follow our supreme court’s expressions of
the law and leave changes in the application of common-law rules to that higher authority. 
See Lubbock County v. Trammel’s Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002).
          Moreover, this Court recently recognized that Missouri Pacific remains binding
precedent when we held that the “sue and be sued” language in the City of Houston’s charter
waived its immunity from suit. United Water Services, Inc. v. City of Houston, No. 01-02-1057-CV, slip op. at p.21 (Tex. App.—Houston [1st Dist.] Apr 29, 2004, pet. filed). In so
doing, we joined the majority of the courts of appeals of our state in holding that “sue and
be sued” provisions waive a governmental entity’s immunity from suit. See, e.g., Goerlitz
v. City of Midland, 101 S.W.3d 573, 577 (Tex. App.—El Paso 2003, pet. filed) (city charter
provides that city may sue and be sued—immunity waived); Tarrant Co. Hosp. Dist. v.
Henry, 52 S.W.3d 434, 448 (Tex. App.—Fort Worth 2001, no pet.) (Health and Safety Code
provides that board of managers of hospital district may sue and be sued—immunity
waived); Welch v. Coca-Cola Enters., 36 S.W.3d 532, 538 (Tex. App.—Tyler 2000, pet.
withdrawn) (Education Code provides that school district trustees may sue and be
sued—immunity waived); Bates v. Tex. State Tech. Coll., 983 S.W.2d 821, 827 (Tex.
App.—Waco 1998, pet. denied) (Education Code provides that college board may sue or be
sued—immunity waived); Alamo Comm. Coll. Dist. v. Obayashi Corp., 980 S.W.2d 745,
747-48 (Tex. App.—San Antonio 1998, pet. denied) (Education Code provides that
independent school district trustees may sue or be sued—immunity waived); Dillard, 806
S.W.2d at 594 (Education Code provides that school district trustees may sue and be
sued—immunity waived); but see Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch.
Dist., 123 S.W.3d 63, 68 (Tex. App.—Dallas 2003, no pet.) (Education Code provides that
school district trustees may sue and be sued—immunity not waived).


 
          Accordingly, we hold that section 451.054 of the Transportation Code clearly and
unambiguously waives METRO’s immunity from suit. We further hold that the trial court
properly denied METRO’s plea to the jurisdiction relating to MEB’s breach of contract
claim. We overrule METRO’s first point of error.



CONCLUSION
          We affirm the order of the trial court.
 
 
 
 
                                                                        Laura Carter Higley
                                                                        Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
 
Justice Hanks, concurring.