IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 03-0878
════════════
 
Judy Tooke and Everett Tooke 
d/b/a Tooke and Sons and d/b/a Nature’s Way Organic Landscaping, 
Petitioners
 
v.
 
The City of Mexia, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Tenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued April 21, 
2004
 
 
 
Justice Johnson, concurring in part and 
dissenting in part.
 
 
I agree with 
the Court that the plain and common meaning of the phrase “plead and be 
impleaded” does not reflect clear and unambiguous legislative intent to waive 
governmental immunity from suit, and that it does not reflect such intent in the 
context of Tex. Loc. Gov’t Code § 
51.075. ___ S.W.3d ___. I also agree that the meaning of statutory language that 
an entity may “sue and be sued” depends on its context. ___ S.W.3d ___. But, I 
agree with Justice O’Neill that we should not overrule Missouri Pacific 
Railroad Co. v. Brownsville Navigation District, 453 S.W.2d 812 (Tex. 1970). 
___ S.W.3d ___ (O’Neill, J., dissenting).
In 
Missouri Pacific we considered whether the following language waived 
immunity from suit:
 
All 
navigation districts established under this Act may, by and through the 
navigation and canal commissioners, sue and be sued in all courts of this State 
in the name of such navigation district . . . . 
 
453 S.W.2d at 
813 (citation omitted). We acknowledged that there may be other language by 
which legislative intent to give consent to suit against a governmental entity 
might be more clearly expressed. Id. Nevertheless, we said that the 
language we were considering “is quite plain and gives general consent for [the] 
District to be sued” in the same manner as other defendants. Id. Our 
analysis was based on the plain language of the statute. We needed go no 
further, for “[w]hen a statute is clear and unambiguous, courts need not resort 
to rules of construction or extrinsic aids to construe it, but should give the 
statute its common meaning. The Legislature’s intent is determined from the 
plain and common meaning of the words used.” See St. Luke’s Episcopal Hosp. 
v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997) (citations omitted).
As the Court 
notes in this case, some statutes use “sue and be sued” language, yet 
specifically provide that governmental immunity is not waived. See Tex. Educ. Code § 111.33 (providing 
that the Board of Regents of the University of Houston may “sue and be sued,” 
but that “[n]othing in this section shall be construed as granting legislative 
consent for suits against the board . . . .”); see also Tex. Health & Safety Code § 
403.006, art. 3, sec. 3.03. Legislative intent to preserve immunity by such 
plain language is clear. But, clarity of language preserving immunity does not 
diminish the clarity of language such as we interpreted in Missouri 
Pacific, which waives immunity.
I would hold, 
in accordance with Missouri Pacific, that statutory language that a 
governmental entity may sue and be sued is clear and unambiguous consent for 
suit and that such language waives governmental immunity from suit unless the 
statute also contains language retaining immunity or the context otherwise 
demonstrates legislative intent to modify the plain meaning of the “sue and be 
sued” language.
I concur in 
the Court’s judgment. I dissent from that part of the Court’s opinion overruling 
Missouri Pacific.
 
 
________________________________________
Phil 
Johnson
Justice
 
 
OPINION DELIVERED: June 
30, 2006