**SATTERFIELD & PONTIKES CONSTRUCTION, INC., Petitioner,**

v.

**IRVING INDEPENDENT SCHOOL DISTRICT, Respondent.**

No. 04–0175.

Supreme Court of Texas.

June 30, 2006.

David J. Schenck, Jones Day, James A. Baker, Christopher D. Kratovil, Hughes & Luce, LLP, Donald F. Hawbaker, Timothy Dwayne Matheny, Ford Nassen & Baldwin P.C., Jeffrey A. Ford, Dallas, for petitioner.

James W. Deatherage, Jim Deatherage & Associates, P.C., Douglas H. Conner III, Boyle & Lowry, L.L.P., Irving, Warren W. Harris, Kelly Freis, Erin Glenn Busby, Bracewell & Giuliani, LLP, Houston, for respondent.

Todd A. Clark, Walsh, Anderson, Brown, Schulze & Aldridge, P.C., Paul Michael Shirk, Austin, P. Michael Jung,

391

Strasburger & Price, L.L.P., Joe F. Canterbury Jr., Canterbury Stuber Elder Gooch & Surratt, P.C., Conor Gray Bateman, Dallas, Eric Weisberg, Weisberg Law Firm, Denison, for amicus curiae.

PER CURIAM.

Satterfield & Pontikes Construction, Inc. sued Irving Independent School District for breach of a contract to construct a new middle school, violations of the Prompt Pay Act, TEX. GOV'T CODE §§ 2251.001–.055, and *quantum meruit.* The trial court sustained the District's plea to the jurisdiction based on immunity from suit and dismissed the case, and a divided court of appeals affirmed. 123 S.W.3d 63, 65–68 (Tex.App.—Dallas 2004). Satterfield contends that the District's immunity is waived by section 11.151(a) of the Education Code, which states:

> The trustees of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, sue and be sued, and receive bequests and donations or other moneys or funds coming legally into their hands.

For the reasons explained today in *Tooke v. City of Mexia,* 197 S.W.3d 325, 2006 WL 1792223 (Tex.2006), we agree with the court of appeals that section 11.151(a) is not a clear and unambiguous waiver of immunity.

While this case has been pending on appeal, the Legislature has enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including public school districts. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch.

604, § 2, 2005 Tex. Gen. Laws 1548, 1549. Satterfield should have the opportunity to argue in the trial court that the District's immunity is waived by these provisions.

Satterfield does not argue that the District's immunity from suit is waived by the Prompt Pay Act, and we express no opinion on that subject.

Accordingly, we grant Satterfield's petition for review, and without hearing oral argument, TEX.R.APP.P.59.1, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

Justice WILLETT did not participate in this decision.