**CHANNELVIEW INDEPENDENT SCHOOL DISTRICT,**
Appellant,

v.

**A.R.C.I., LTD., Appellee.**

No. 01–04–00556–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 3, 2006.

Roger S. McCabe, Beaumont, TX, for Appellant.

Paul W. Nimmons, Jr., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices HIGLEY and BLAND.

## OPINION

JANE BLAND, Justice.

Appellee, A.R.C.I., Ltd. ("ARCI"), sued appellant, the Channelview Independent School District ("Channelview"), for breach of contract. Channelview filed a plea to the jurisdiction, contending that it is immune from this suit. ARCI responded that section 11.151(a) of the Texas Education Code waives Channelview's immunity from suit by authorizing it to "sue and be sued." TEX. EDUC.CODE ANN. § 11.151(a) (Vernon 2006). The trial court

denied the plea, from which Channelview appeals.[1]

Following the Texas Supreme Court's holding in *Tooke v. City of Mexia*—and the court's application of it to section 11.151(a) in a companion case—we hold that the "sue and be sued" language in the statute does not waive Channelview's immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex.2006); *Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.*, 197 S.W.3d 390 (Tex.2006) (per curiam). We therefore reverse the trial court's denial of Channelview's plea to the jurisdiction and remand the cause for further proceedings.

## Background

Channelview hired ARCI to repair the roof on the McMullan Primary School. ARCI's petition alleges that it sold and delivered the goods and services under the contract, and that Channelview owes ARCI $82,904.10 for work done and materials supplied under the contract, plus interest and attorney's fees. Channelview disputes the reasonableness of the costs ARCI incurred in performing additional work beyond the scope of the original contract. During the hearing on Channelview's plea, ARCI submitted the construction contract as evidence.

## Standard and Scope of Review

■ Subject-matter jurisdiction is essential for a court to have the authority to resolve a case, and trial courts lack such jurisdiction over a governmental unit that is immune from suit. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). The plaintiff has the burden to plead facts affirmatively showing that the trial court has subject-matter jurisdic-

tion. *Id.* at 446. A party may challenge a court's subject-matter jurisdiction by filing a plea to the jurisdiction. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex.1999). As a question of law, we review the trial court's ruling on such a plea de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). In conducting this de novo review, we do not examine the underlying merit of the plaintiff's case, but consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We construe the pleadings liberally in favor of conferring jurisdiction. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002); *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

## Governmental Immunity

■ Sovereign immunity refers to the State's immunity from suit and liability. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003). It protects the State and its divisions. *Id.* Governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Id.* Governmental immunity encompasses two principles: (1) immunity from suit (barring a lawsuit unless the Legislature expressly gives its consent to suit), and (2) immunity from liability (protection from judgments even if the Legislature expressly has given its consent to the suit). *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex.2002). Channelview contends that it is immune from suit, and concedes that immunity from liability is not an issue in this case.

---

1. A party may appeal the interlocutory order of a trial court that grants or denies a plea to the jurisdiction by a governmental unit. TEX.

CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2005).

### "Sue and Be Sued"

█ The Texas Education Code provides as follows:

(a) The trustees of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, *sue and be sued*, and receive bequests and donations or other moneys or funds coming legally into their hands.

TEX. EDUC.CODE ANN. § 11.151(a) (emphasis added). In *Tooke,* a contractor who provided curbside collection of brush and leaves sued the City of Mexia for breach of contract. 197 S.W.3d at 328–331. The trial court rendered judgment on a verdict for the contractor. *Id.* at 329. The court of appeals reversed, holding that the City was immune from suit. *Id.* at 329. The appeals court held that the City's governmental immunity was not waived by section 51.075 of the Local Government Code, which provides that a home-rule municipality " 'may plead and be impleaded in any court.' " *Id.* (quoting TEX. LOC. GOV'T CODE § 51.075). The Texas Supreme Court agreed, holding that "plead and be impleaded" and "sue and be sued," when used in an organic statute, do not alone waive governmental immunity. *Id.* at 342. The court expressly overruled *Missouri Pacific Railroad Co. v. Brownsville Navigation District,* 453 S.W.2d 812 (Tex.1970), noting that the phrase "sue and be sued" means "different things in different statutes" and had been variously interpreted by courts, thus concluding that it "cannot be said to be clear and unambiguous[,]" as a legislative waiver of immunity must be. *Id.*

In an appendix to its opinion, the court listed statutes that employ such language, including the instant statute, section 11.151(a) of the Education Code. *Id.* at 328 n. 1 app. at 347. The court also applied its holding in *Tooke* to section 11.151(a) in a companion case. *Satterfield,* 197 S.W.3d at 391. We follow *Tooke* and *Satterfield* and hold that the "sue and be sued" language in Education Code section 11.151(a) does not waive Channelview's immunity from suit. *See id.*

### Waiver by Conduct

█ ARCI contends that Channelview additionally waived immunity from suit by its conduct, particularly by accepting the benefits of the repair contract. The plaintiffs in *Tooke* raised a similar argument. The Texas Supreme Court rejected that argument, holding that a governmental entity does not waive immunity by partially performing if the claim against it is for work that was not performed or authorized under the contract. *Tooke,* 197 S.W.3d at 343 (noting that contractor was paid for work performed, and claimed only lost profits for additional work it should have been given under contract). Similarly, here, ARCI seeks compensation for work performed beyond the scope of the original contract. We hold that the pleadings do not raise a waiver-by-conduct exception to governmental immunity, though, as we note below, while this case has been pending, the Legislature has enacted a limited waiver of immunity from suit for breach of contract. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 854, 857 (Tex.2002) (holding that waiver-by-conduct exception would "force the State to expend its resources to litigate the waiver-by-conduct issue before enjoying sovereign immunity's protections—and this would defeat many of the doctrine's underlying policies").

### New Legislation

█ While this case has been pending on appeal, the Legislature enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for

certain claims against local governmental entities, including public school districts like Channelview. *See* Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 1, 2005 Tex. Gen. Laws 1548–49 (codified at TEX. LOC. GOV'T CODE ANN. §§ 271.151–.160 (Vernon 2005)). The statute applies " 'to a claim that arises under a contract executed before [September 1, 2005] . . . if sovereign immunity has not been waived with respect to the claim' before that date." *Satterfield,* 197 S.W.3d at 391 (quoting Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549). The Texas Supreme Court has concluded that a remand is appropriate to allow the parties to address the jurisdictional implications of the new legislation. *Id.* Thus, we remand to allow ARCI to argue in the trial court that Channelview's immunity is waived under the new statute. *See id.*

### Conclusion

Following the Texas Supreme Court's decision in *Tooke,* we hold that the "sue and be sued" language in section 11.151(a) of the Texas Education Code does not waive Channelview's immunity from suit. *See Tooke,* 197 S.W.3d at 346.

We therefore reverse the trial court's denial of Channelview's plea to the jurisdiction and remand the cause for further proceedings. Any pending motions are overruled as moot.