Opinion issued August 3, 2006 












     


In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00556-CV




CHANNELVIEW INDEPENDENT SCHOOL DISTRICT, Appellant

V.

A.R.C.I., LTD., Appellee




On Appeal from County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 810256




O P I N I O N

          Appellee, A.R.C.I., Ltd. (“ARCI”), sued appellant, the Channelview
Independent School District (“Channelview”), for breach of contract. Channelview
filed a plea to the jurisdiction, contending that it is immune from this suit. ARCI
responded that section 11.151(a) of the Texas Education Code waives Channelview’s
immunity from suit by authorizing it to “sue and be sued.” Tex. Educ. Code Ann.
§ 11.151(a) (Vernon 2006). The trial court denied the plea, from which Channelview
appeals.



          Following the Texas Supreme Court’s holding in Tooke v. City of Mexia—and
the court’s application of it to section 11.151(a) in a companion case—we hold that
the “sue and be sued” language in the statute does not waive Channelview’s immunity
from suit. Tooke v. City of Mexia, 49 Tex. Sup. Ct. J. 819, 2006 WL 1792223 (Tex.
June 30, 2006); Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist., 49
Tex. Sup. Ct. J. 861, 2006 WL 1793473 (Tex. June 30, 2006) (per curiam). We
therefore reverse the trial court’s denial of Channelview’s plea to the jurisdiction and
remand the cause for further proceedings. 
Background
          Channelview hired ARCI to repair the roof on the McMullan Primary School. 
ARCI’s petition alleges that it sold and delivered the goods and services under the
contract, and that Channelview owes ARCI $82,904.10 for work done and materials
supplied under the contract, plus interest and attorney’s fees. Channelview disputes
the reasonableness of the costs ARCI incurred in performing additional work beyond
the scope of the original contract. During the hearing on Channelview’s plea, ARCI
submitted the construction contract as evidence. 
Standard and Scope of Review
          Subject-matter jurisdiction is essential for a court to have the authority to
resolve a case, and trial courts lack such jurisdiction over a governmental unit that is
immune from suit. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443
(Tex. 1993). The plaintiff has the burden to plead facts affirmatively showing that
the trial court has subject-matter jurisdiction. Id. at 446. A party may challenge a
court’s subject-matter jurisdiction by filing a plea to the jurisdiction. See Tex. Dep’t
of Transp. v. Jones, 8 S.W.3d 636, 638–39 (Tex. 1999). As a question of law, we
review the trial court’s ruling on such a plea de novo. Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998). In conducting this de novo review, we do not
examine the underlying merit of the plaintiff’s case, but consider only the plaintiff’s
pleadings and the evidence pertinent to the jurisdictional inquiry. County of Cameron
v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). We construe the pleadings liberally in
favor of conferring jurisdiction. Tex. Dep’t of Transp. v. Ramirez, 74 S.W.3d 864,
867 (Tex. 2002); Tex. Ass’n of Bus., 852 S.W.2d at 446. 
Governmental Immunity
          Sovereign immunity refers to the State’s immunity from suit and liability.
Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003). It protects
the State and its divisions. Id. Governmental immunity protects political
subdivisions of the State, including counties, cities, and school districts. Id.
Governmental immunity encompasses two principles: (1) immunity from suit (barring
a lawsuit unless the Legislature expressly gives its consent to suit), and (2) immunity
from liability (protection from judgments even if the Legislature expressly has given
its consent to the suit). Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248
(Tex. 2002). Channelview contends that it is immune from suit, and concedes that
immunity from liability is not an issue in this case. 
“Sue and Be Sued”
          The Texas Education Code provides as follows:
(a) The trustees of an independent school district constitute a body
corporate and in the name of the district may acquire and hold real and
personal property, sue and be sued, and receive bequests and donations
or other moneys or funds coming legally into their hands.

Tex. Educ. Code Ann. § 11.151(a) (emphasis added). In Tooke, a contractor who
provided curbside collection of brush and leaves sued the City of Mexia for breach
of contract. 49 Tex. Sup. Ct. J. at 820–21, 2006 WL 1792223, at *1–2. The trial
court rendered judgment on a verdict for the contractor. Id. at 820, 2006 WL
1792223, at *1–2. The court of appeals reversed, holding that the City was immune
from suit. Id. at 820, 2006 WL 1792223, at *1. The appeals court held that the City’s
governmental immunity was not waived by section 51.075 of the Local Government
Code, which provides that a home-rule municipality “‘may plead and be impleaded
in any court.’” Id. (quoting Tex. Loc. Gov’t Code § 51.075). The Texas Supreme
Court agreed, holding that “plead and be impleaded” and “sue and be sued,” when
used in an organic statute, do not alone waive governmental immunity. Id. at 830,
2006 WL 1792223, at *8. The court expressly overruled Missouri Pacific Railroad
Co. v. Brownsville Navigation District, 453 S.W.2d 812 (Tex. 1970), noting that the
phrase “sue and be sued” means “different things in different statutes” and had been
variously interpreted by courts, thus concluding that it “cannot be said to be clear and
unambiguous[,]” as a legislative waiver of immunity must be. Id.
          In an appendix to its opinion, the court listed statutes that employ such
language, including the instant statute, section 11.151(a) of the Education Code. Id.
at 820 n.1 app. at 833, 2006 WL 1792223, at *1 n.1 app. at *12. The court also
applied its holding in Tooke to section 11.151(a) in a companion case. Satterfield,
49 Tex. Sup. Ct. J. at 862, 2006 WL 1793473, at *1. We follow Tooke and Satterfield
and hold that the “sue and be sued” language in Education Code section 11.151(a)
does not waive Channelview’s immunity from suit. See id.
Waiver by Conduct
          ARCI contends that Channelview additionally waived immunity from suit by
its conduct, particularly by accepting the benefits of the repair contract. The plaintiffs
in Tooke raised a similar argument. The Texas Supreme Court rejected that argument,
holding that a governmental entity does not waive immunity by partially performing
if the claim against it is for work that was not performed or authorized under the
contract. Tooke, 49 Tex. Sup. Ct. J. at 830, 2006 WL 1792223, at *9 (noting that
contractor was paid for work performed, and claimed only lost profits for additional
work it should have been given under contract). Similarly, here, ARCI seeks
compensation for work performed beyond the scope of the original contract. We hold
that the pleadings do not raise a waiver-by-conduct exception to governmental
immunity, though, as we note below, while this case has been pending, the
Legislature has enacted a limited waiver of immunity from suit for breach of contract. 
See Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 854, 857
(Tex. 2002) (holding that waiver-by-conduct exception would “force the State to
expend its resources to litigate the waiver-by-conduct issue before enjoying sovereign
immunity’s protections—and this would defeat many of the doctrine’s underlying
policies”).
New Legislation
          While this case has been pending on appeal, the Legislature enacted sections
271.151–.160 of the Local Government Code, which waive immunity from suit for
certain claims against local governmental entities, including public school districts
like Channelview. See Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 1, 2005 Tex.
Gen. Laws 1548–49 (codified at Tex. Loc. Gov’t Code Ann. §§ 271.151–.160
(Vernon 2005)). The statute applies “‘to a claim that arises under a contract executed
before [September 1, 2005] . . . if sovereign immunity has not been waived with
respect to the claim’ before that date.” Satterfield, 49 Tex. Sup. Ct. J. at 862, 2006
WL 1793473, at *1 (quoting Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005
Tex. Gen. Laws 1548, 1549). The Texas Supreme Court has concluded that a remand
is appropriate to allow the parties to address the jurisdictional implications of the new
legislation. Id. Thus, we remand to allow ARCI to argue in the trial court that
Channelview’s immunity is waived under the new statute. See id.
Conclusion
          Following the Texas Supreme Court’s decision in Tooke, we hold that the “sue
and be sued” language in section 11.151(a) of the Texas Education Code does not
waive Channelview’s immunity from suit. See Tooke, 49 Tex. Sup. Ct. J. at 830,
2006 WL 1792223, at *11.
          We therefore reverse the trial court’s denial of Channelview’s plea to the
jurisdiction and remand the cause for further proceedings. Any pending motions are
overruled as moot.



                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.