**PHARR–SAN JUAN–ALAMO INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Sandra ACOSTA, Appellee.**

**No. 13–07–005–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

July 26, 2007.

Michael D. Hudgins, The Hudgins Law Firm, Houston, for appellant.

John L. Shergold, Brownsville, Ruben R. Pena, Law Office of Ruben R. Pena, P.C., Harlingen, for appellee.

Before Justices YAÑEZ, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice RODRIGUEZ.

This appeal concerns a plea to the jurisdiction brought by appellant, Pharr–San Juan–Alamo Independent School District, in a retaliatory discharge case filed against it by appellee, Sandra Acosta. The trial court denied appellant's plea to the jurisdiction and ordered $4,500 in sanctions. By three issues, appellant contends the trial court erred in denying its plea to the jurisdiction because sovereign immunity had not been waived and in awarding sanctions because they were not warranted. We affirm.

### I. Background

Appellee filed suit against appellant contending she was terminated in violation of section 451.001 of the labor code. *See* TEX. LAB.CODE ANN. § 451.001 (Vernon 2006). Specifically, appellee claims she was fired in retaliation for filing a claim for workers' compensation benefits and then appealing the denial of that claim. Appellant answered appellee's suit and raised a defense that appellee's claims were barred because

appellant enjoyed immunity from both suit and liability.

Appellant filed its plea to the jurisdiction on the basis that appellee failed to plead a clear and unambiguous waiver of governmental immunity from suit. Appellee responded and requested that her costs and attorneys' fees be assessed as sanctions against appellant. Following a hearing, the trial court denied appellant's plea to the jurisdiction and awarded $4,500 in sanctions. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2006) (allowing for interlocutory appeals from a ruling on a plea to the jurisdiction by a governmental unit).

## II. Plea to the Jurisdiction

By issues one and two, appellant contends that it enjoys governmental immunity as a political subdivision and that its immunity has not been waived because section 451.001 of the Texas Labor Code does not clearly and unambiguously waive governmental immunity from suit, and also because the "sue and be sued" language in the Texas Education Code does not clearly and unambiguously waive immunity from suit. Further, appellant asserts that neither *City of LaPorte v. Barfield*, 898 S.W.2d 288 (Tex.1995), nor *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1 (Tex. 2000), save appellee's claim.

 Appellant is a school district located in Hidalgo County, Texas, and operates as a political subdivision. *See* TEX. LAB.CODE ANN. § 504.001 (Vernon 2006). Governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003). Appellee contends appellant waived its immunity and

seeks recovery under section 451.001 of the Texas Labor Code.

Section 451.001 provides:

A person may not discharge or in any other manner discriminate against an employee because the employee has: (1) filed a workers' compensation claim in good faith; (2) hired a lawyer to represent the employee in a claim; (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or (4) testified or is about to testify in a proceeding under Subtitle A.

TEX. LAB.CODE ANN. § 451.001 (Vernon 2006). Section 311.034 of the Texas Government Code defines "person," as used in section 451.001, to include governmental entities such as appellant. TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2006). Section 311.034 also provides that "a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language." *Id.*

Relying on the phrase, "clear and unambiguous language," found in section 311.034, appellant argues that because section 451.001 does not contain clear and unambiguous language regarding waiver of sovereign immunity, it has not been waived under that section, and the trial court erred in denying its plea to the jurisdiction. In section 311.034, however, the legislature followed "clear and unambiguous language" with: "In a statute, the use of 'person,' as defined by Section 311.005 to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction." *Id.*

 Reviewing the trial court's ruling on appellant's plea to the jurisdiction *de novo, Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004), where the provisions of section 451.001 of

the Texas Labor Code indicate that "no person [school district] may discharge or in any other manner discriminate against an employee because ... [she] has ... filed a workers' compensation claim in good faith," there is no other reasonable conclusion that may be drawn other than school districts are subject to such claims because governmental immunity has been waived. *See* TEX. LAB.CODE ANN. § 451.001 (Vernon 2006); TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp.2006). We conclude, therefore, that the trial court did not err in denying appellant's plea to the jurisdiction on this basis.

Because this analysis is dispositive of this appeal, we find it unnecessary to address appellant's remaining contentions. *See* TEX.R.APP. P. 47.1. We overrule issues one and two.

## III. Sanctions

■■■ Appellee sought sanctions in the amount of $3,000 for expenses incurred in the form of attorney fees and legal research and $1,500 for expenses that would be incurred if the court heard appellant's plea to the jurisdiction. Following a hearing on appellant's plea, the trial court awarded $4,500 in sanctions to appellee. "We review the trial court's imposition of sanctions under an abuse of discretion standard." *Greene v. Young,* 174 S.W.3d 291, 297 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). "The test for determining if the trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles." *Id.*

By its third issue, appellant first contends that sanctions are not warranted because the trial court lacks jurisdiction over appellee's claim and, thus, the grant of sanctions is void. Because we have concluded otherwise, this contention fails.

Appellant also asserts that the trial court's order allowing for sanctions is improper because its plea to the jurisdiction was not filed in bad faith, was not groundless, *see* TEX.R. CIV. P. 13, and not brought for an improper purpose, including harassment, delay or increasing the cost of litigation. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 10.004 (Vernon 2004). Appellant urges this position for the following reasons: (1) its plea was filed after the Texas Supreme Court decided *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006) and *Satterfield & Pontikes Const., Inc. v. Irving Indep. Sch. Dist.,* 197 S.W.3d 390 (Tex.2006), cases that clarified the "sue and be sued" language of the education code regarding waiver of immunity; (2) appellee supported its position only with *Fernandez* which appellant argues is neither controlling nor persuasive; and (3) the language of section 311.034 of the Texas Government Code forbids the judiciary from finding waiver in the absence of clear and unambiguous language. However, without relying on case law, including those cases clarifying the "sue and be sued" language, we have, unlike appellant, concluded that there is no other reasonable conclusion that may be drawn other than that school districts are subject to such discrimination claims because governmental immunity has been waived pursuant to the language of section 451.001 of the labor code and section 311.034 of the government code. Thus, appellant's reasoning is not persuasive.

Finally appellant contends that its counsel's affidavit filed in response to the motion for sanctions, supports its argument that sanctions were not proper. The affidavit sets out that, in counsel's opinion, the plea was made in good faith and based on sound authority and reasoning, which counsel reiterated in the affidavit. However, the filing of the affidavit does not change our determination that, in award-

ing sanctions, the trial court did not act without reference to any guiding rules or principles in determining the plea was filed in bad faith, was groundless, or was brought for an improper purpose. The cases do not support a clear determination regarding immunity, while the language of the statutes does.

Accordingly, the trial court did not abuse its discretion in awarding sanctions.[1] We overrule appellant's third issue.

### IV. Conclusion

We affirm the judgment of the trial court.

---

**1.** Appellant also claims that appellee has provided no evidence of attorneys' fees incurred as a result of the pleas to the jurisdiction. However, in accordance with rule 38.1(h) of the Texas Rules of Appellate Procedure, we will only consider contentions that are supported by clear and concise arguments with appropriate citations to authorities and to the record. TEX.R.APP. P. 38.1(h). Because this contention does not contain citations to authorities and the record, we need not consider it.