NUMBER 13-07-005-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


PHARR-SAN JUAN-ALAMO 

INDEPENDENT SCHOOL DISTRICT, Appellant,


v.
 


SANDRA ACOSTA, Appellee.

 


On appeal from the 139th District Court 


of Hidalgo County, Texas.


 


O P I N I O N



Before Justices Yañez, Rodriguez, and Garza

Opinion by Justice Rodriguez


 This appeal concerns a plea to the jurisdiction brought by appellant, Pharr-San
Juan-Alamo Independent School District, in a retaliatory discharge case filed against
it by appellee, Sandra Acosta. The trial court denied appellant's plea to the jurisdiction
and ordered $4,500 in sanctions. By three issues, appellant contends the trial court
erred in denying its plea to the jurisdiction because sovereign immunity had not been
waived and in awarding sanctions because they were not warranted. We affirm.

I. Background

 Appellee filed suit against appellant contending she was terminated in violation
of section 451.001 of the labor code. See Tex. Lab. Code Ann. § 451.001 (Vernon
2006). Specifically, appellee claims she was fired in retaliation for filing a claim for
workers' compensation benefits and then appealing the denial of that claim. Appellant
answered appellee's suit and raised a defense that appellee's claims were barred
because appellant enjoyed immunity from both suit and liability.

 Appellant filed its plea to the jurisdiction on the basis that appellee failed to
plead a clear and unambiguous waiver of governmental immunity from suit. Appellee
responded and requested that her costs and attorneys' fees be assessed as sanctions
against appellant. Following a hearing, the trial court denied appellant's plea to the
jurisdiction and awarded $4,500 in sanctions. This interlocutory appeal followed. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2006) (allowing for
interlocutory appeals from a ruling on a plea to the jurisdiction by a governmental unit).

II. Plea to the Jurisdiction

 By issues one and two, appellant contends that it enjoys governmental immunity
as a political subdivision and that its immunity has not been waived because section
451.001 of the Texas Labor Code does not clearly and unambiguously waive
governmental immunity from suit, and also because the "sue and be sued" language
in the Texas Education Code does not clearly and unambiguously waive immunity from
suit. Further, appellant asserts that neither City of LaPorte v. Barfield, 898 S.W.2d
288 (Tex. 1995), nor Kerrville State Hosp. v. Fernandez, 28 S.W.3d 1 (Tex. 2000),
save appellee's claim.

 Appellant is a school district located in Hidalgo County, Texas, and operates as
a political subdivision. See Tex. Lab. Code Ann. § 504.001 (Vernon 2006). 
Governmental immunity protects political subdivisions of the State, including counties,
cities, and school districts. Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694
n.3 (Tex. 2003). Appellee contends appellant waived its immunity and seeks recovery
under section 451.001 of the Texas Labor Code.

 Section 451.001 provides:

 A person may not discharge or in any other manner discriminate against
an employee because the employee has: (1) filed a workers'
compensation claim in good faith; (2) hired a lawyer to represent the
employee in a claim; (3) instituted or caused to be instituted in good faith
a proceeding under Subtitle A; or (4) testified or is about to testify in a
proceeding under Subtitle A.


Tex. Lab. Code Ann. § 451.001 (Vernon 2006). Section 311.034 of the Texas
Government Code defines "person," as used in section 451.001, to include
governmental entities such as appellant. Tex. Gov't Code Ann. § 311.034 (Vernon
Supp. 2006). Section 311.034 also provides that "a statute shall not be construed
as a waiver of sovereign immunity unless the waiver is effected by clear and
unambiguous language." Id.

 Relying on the phrase, "clear and unambiguous language," found in section
311.034, appellant argues that because section 451.001 does not contain clear and
unambiguous language regarding waiver of sovereign immunity, it has not been waived
under that section, and the trial court erred in denying its plea to the jurisdiction. In
section 311.034, however, the legislature followed "clear and unambiguous language"
with: "In a statute, the use of 'person,' as defined by Section 311.005 to include
governmental entities, does not indicate legislative intent to waive sovereign immunity
unless the context of the statute indicates no other reasonable construction." Id.

 Reviewing the trial court's ruling on appellant's plea to the jurisdiction de novo,
Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004), where
the provisions of section 451.001 of the Texas Labor Code indicate that "no person
[school district] may discharge or in any other manner discriminate against an
employee because . . . [she] has . . . filed a workers' compensation claim in good
faith," there is no other reasonable conclusion that may be drawn other than school
districts are subject to such claims because governmental immunity has been waived. 
See Tex. Lab. Code Ann. § 451.001 (Vernon 2006); Tex. Gov't Code Ann. § 311.034
(Vernon Supp. 2006). We conclude, therefore, that the trial court did not err in
denying appellant's plea to the jurisdiction on this basis.

 Because this analysis is dispositive of this appeal, we find it unnecessary to
address appellant's remaining contentions. See Tex. R. App. P. 47.1. We overrule
issues one and two.

III. Sanctions

 Appellee sought sanctions in the amount of $3,000 for expenses incurred in the
form of attorney fees and legal research and $1,500 for expenses that would be
incurred if the court heard appellant's plea to the jurisdiction. Following a hearing on
appellant's plea, the trial court awarded $4,500 in sanctions to appellee. "We review
the trial court's imposition of sanctions under an abuse of discretion standard." 
Greene v. Young, 174 S.W.3d 291, 297 (Tex. App.-Houston [1st Dist.] 2005, pet.
denied). "The test for determining if the trial court abused its discretion is whether the
trial court acted without reference to any guiding rules or principles." Id.

 By its third issue, appellant first contends that sanctions are not warranted
because the trial court lacks jurisdiction over appellee's claim and, thus, the grant of
sanctions is void. Because we have concluded otherwise, this contention fails.

 Appellant also asserts that the trial court's order allowing for sanctions is
improper because its plea to the jurisdiction was not filed in bad faith, was not
groundless, see Tex. R. Civ. P. 13, and not brought for an improper purpose, including
harassment, delay or increasing the cost of litigation. See Tex. Civ. Prac. & Rem. Code
Ann. § 10.004 (Vernon 2004). Appellant urges this position for the following reasons: 
(1) its plea was filed after the Texas Supreme Court decided Tooke v. City of Mexia,
197 S.W.3d 325 (Tex. 2006) and Satterfield & Pontikes Const., Inc. v. Irving Indep.
Sch. Dist., 197 S.W.3d 390 (Tex. 2006), cases that clarified the "sue and be sued"
language of the education code regarding waiver of immunity; (2) appellee supported
its position only with Fernandez which appellant argues is neither controlling nor
persuasive; and (3) the language of section 311.034 of the Texas Government Code
forbids the judiciary from finding waiver in the absence of clear and unambiguous
language. However, without relying on case law, including those cases clarifying the
"sue and be sued" language, we have, unlike appellant, concluded that there is no
other reasonable conclusion that may be drawn other than that school districts are
subject to such discrimination claims because governmental immunity has been waived
pursuant to the language of section 451.001 of the labor code and section 311.034
of the government code. Thus, appellant's reasoning is not persuasive.

 Finally appellant contends that its counsel's affidavit filed in response to the
motion for sanctions, supports its argument that sanctions were not proper. The
affidavit sets out that, in counsel's opinion, the plea was made in good faith and based
on sound authority and reasoning, which counsel reiterated in the affidavit. However,
the filing of the affidavit does not change our determination that, in awarding
sanctions, the trial court did not act without reference to any guiding rules or principles
in determining the plea was filed in bad faith, was groundless, or was brought for an
improper purpose. The cases do not support a clear determination regarding immunity,
while the language of the statutes does.

 Accordingly, the trial court did not abuse its discretion in awarding sanctions. (1) 
We overrule appellant's third issue.

IV. Conclusion

 We affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed this

26th day of July, 2007.
1. Appellant also claims that appellee has provided no evidence of attorneys' fees incurred as a
result of the pleas to the jurisdiction. However, in accordance with rule 38.1(h) of the Texas Rules of
Appellate Procedure, we will only consider contentions that are supported by clear and concise
arguments with appropriate citations to authorities and to the record. Tex. R. App. P. 38.1(h). Because
this contention does not contain citations to authorities and the record, we need not consider it.