Opinion filed March 27, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 27,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-03-00394-CV 

                                                    __________

 

                LAMESA INDEPENDENT SCHOOL DISTRICT, Appellant

 

                                                             V.

 

              DAVID BOOE
D/B/A BOOE ROOFING COMPANY, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                        Dawson
County, Texas

 

                                          Trial
Court Cause No. 01-09-16,365-CV

 



 

                                                 O
P I N I O N   O N   R E M A N D

 








This
case involves the denial of a school district=s
plea to the jurisdiction.  In our original opinion,[1]
we held that the Asue
and be sued@ language
of Tex. Educ. Code Ann. ' 11.151 (Vernon 2006)
waived immunity from suit.  The Texas Supreme Court subsequently determined
that this language did not constitute a clear and unambiguous waiver of
immunity.  Tooke v. City of Mexia, 197 S.W.3d 325 (Tex. 2006); Satterfield
& Pontikes Constr., Inc. v. Irving Indep. Sch. Dist., 197 S.W.3d 390
(Tex. 2006).  Based upon Tooke and Satterfield, the supreme court
reversed our original judgment in this case and remanded the case to us to
consider Lamesa Independent School District=s
remaining issues.  Lamesa, 235 S.W.3d at 711.

Three
issues remain:  LISD=s
second, third, and fourth issues.  All three attack the denial of the plea to
the jurisdiction.  In these issues, LISD argues that the trial court erred in
concluding that LISD waived sovereign immunity by accepting the work allegedly
performed by David Booe d/b/a Booe Roofing Company, that LISD waived its claim
of sovereign immunity by its conduct in the litigation, and that sovereign
immunity does not apply to equitable remedies such as estoppel and quantum
meruit.

Booe
alleged that it was the primary provider of roofing installation and repair
services for LISD during the 1990s.  Following a severe hailstorm in April
1999, Booe allegedly performed extensive repairs on several roofs owned by
LISD.  Booe further alleged that LISD refused to pay for these repairs.  Booe
filed suit against LISD on September 26, 2001.  Booe sought to recover the
value of goods and services provided for LISD=s
benefit in the amount of $145,400.  Booe asserted the following causes of
action:  breach of an implied contract and quantum meruit.  On June 18, 2003,
LISD filed its original plea to the jurisdiction asserting that it was immune
from suit.  The trial court ultimately determined that LISD was not entitled to
sovereign immunity, and it denied LISD=s
plea to the jurisdiction.

Sovereign
immunity, encompassing both immunity from suit and immunity from liability,
protects political subdivisions of this state from lawsuits for money damages;
sovereign immunity from suit deprives a trial court of subject-matter
jurisdiction.  Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371,
374 (Tex. 2006).  Accordingly, we must review de novo a trial court=s order denying a jurisdictional
plea based upon sovereign immunity from suit.  Tex. Natural Res.
Conservation Comm=n
v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).  A governmental entity, such as
LISD, is entitled to sovereign immunity unless that immunity has been waived.  Reata,
197 S.W.3d at 374.  As a general rule, the courts have deferred to the
legislature to waive sovereign immunity.  Id. at 375; IT-Davy, 74
S.W.3d at 857.








With
respect to LISD=s
second, third, and fourth issues, Booe does not assert that LISD=s immunity has been waived
by legislative act[2] but, rather,
by judicially created doctrine.  We acknowledge that the Texas Supreme Court
has held that, when a governmental entity leaves its sphere of immunity and
asserts affirmative claims for monetary relief, the adverse party may assert,
as an offset, claims germane to, connected with, and properly defensive to
those asserted by the governmental entity.  Reata, 197 S.W.3d at
376-77.  In such a situation, the trial court acquires subject-matter
jurisdiction over the adverse party=s
claims to the extent they offset the sovereign=s
claims.  Id. at 377.  

Booe
asserts on appeal that LISD=s
request for attorney=s
fees under Tex. Educ. Code Ann. ' 11.161 (Vernon 2006)
constitutes a waiver that falls within Reata.  We disagree.  LISD did
not assert any claim for relief other than the request for attorney=s fees under Section
11.161.  Section 11.161 permits a court to award costs and reasonable
attorney=s fees to an
independent school district in a suit filed against the district if the suit is
frivolous and is either dismissed or adjudged in favor of the district. 
Nothing in Section 11.161 can be construed as a waiver of a school district=s immunity from suit. 
Furthermore, the court=s
opinion in Reata cannot be construed to encompass LISD=s request for attorney=s fees as an affirmative
claim for relief.  The Reata court was clear that its holding applied
when a governmental unit filed suit or otherwise intervened and sought
affirmative relief and that it applied only to the extent necessary to offset
the governmental entity=s
claims.  197 S.W.3d at 375-77.  LISD did not file suit against Booe; Booe sued
LISD.  LISD did not assert any affirmative claims for relief; it merely
responded to Booe=s
allegedly frivolous suit by requesting attorney=s
fees.  Thus, we hold that the circumstances in this case are distinguishable
from those in Reata and that LISD=s
request for attorney=s
fees did not waive its immunity from suit.  








We
also hold that LISD=s
other conduct with respect to the suit, such as requesting a summary judgment
and otherwise participating in the lawsuit for one and one-half years prior to
asserting sovereign immunity, did not waive its right to assert immunity from
suit.  It is well-established that immunity from suit deprives a court of
subject-matter jurisdiction and may even be raised for the first time on
appeal.  Reata, 197 S.W.3d at 379; Tex. Ass=n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 445‑46 (Tex. 1993).  

Next,
we hold that LISD did not waive its immunity from suit by accepting the work
performed by Booe.  See IT-Davy, 74 S.W.3d at 857 (governmental unit
does not waive its sovereign immunity by accepting the benefits under a
contract); see also Travis County v. Pelzel & Assocs., Inc., 77
S.W.3d 246 (Tex. 2002).  The IT-Davy court reasoned that creating a
waiver-by-conduct exception would force the State to expend resources to
litigate that issue and thus frustrate the policy underlying sovereign
immunity.  74 S.W.3d at 857. 

Finally,
even when an equitable remedy such as estoppel or quantum meruit is asserted,
the doctrine of sovereign immunity from suit applies as long as monetary
damages are sought.  See, e.g., IT-Davy, 74 S.W.3d at 852, 860
(ultimately holding state agency immune from suit and dismissing all claims B even claims for quantum
meruit and promissory estoppel B
for want of jurisdiction).  Because sovereign immunity from suit protects the
state=s governmental
entities from lawsuits seeking monetary damages, because Booe=s claims for equitable
relief sought monetary damages, and because LISD=s
immunity from suit has not been waived, the trial court had no subject-matter
jurisdiction over Booe=s
claims for equitable relief.  

We
conclude, therefore, that the trial court erred in denying LISD=s plea to the
jurisdiction.  LISD=s
second, third, and fourth issues are sustained.  

The
trial court=s order
denying the plea to the jurisdiction is reversed, and we render judgment
dismissing Booe=s
claims for want of jurisdiction.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

March 27, 2008

Panel consists of: Wright, C.J.,

McCall, J., and
Strange, J.









[1]Lamesa Indep. Sch. Dist. v. Booe, No. 11-03-00394-CV, 2005 WL 2090670 (Tex. App.CEastland Aug. 31, 2005) (mem. op.), rev=d, 235 S.W.3d
710 (Tex. 2007).





[2]We noted in our original opinion that the legislature
had, subsequent to the trial court=s
order in this case, expressly waived immunity from suit for breach of contract
for local government entities that enter into written contracts for the
provision of goods or services.  Tex.
Loc. Gov=t Code Ann. '' 271.151-.160 (Vernon 2005).  However, Booe has not
asserted that these sections apply in this case or that it entered into a
written contract with LISD.  See Section 271.151.