NO. 07-09-00163-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 12, 2010

_____

POTTER COUNTY, TEXAS AS PLAN
ADMINISTRATOR FOR THE HEALTH
BENEFITS PLAN FOR THE EMPLOYEES OF
POTTER COUNTY, TEXAS, APPELLANT

v.

RONDA TUCKNESS AND
MICHAEL TUCKNESS, APPELLEES

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 96,379-A; HONORABLE PAT PHELAN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant Potter County brings this interlocutory appeal from an order denying its plea to the jurisdiction.[1] The County contends it is immune from suit in the underlying action to recover health care benefits brought by appellees Ronda Tuckness and her husband Michael Tuckness. Finding the County's governmental immunity has not been waived, we will reverse the order of the trial court and render judgment dismissing the Tucknesses' case for want of jurisdiction.

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008).

Background

According to the live petition of the Tucknesses,[2] Mrs. Tuckness is employed by the County and covered by its "Employee Health Benefit Plan."[3] She purchased additional health care coverage under the plan for Mr. Tuckness. Mr. Tuckness sustained a back injury and was scheduled for surgery. In a letter to Mrs. Tuckness dated prior to the scheduled surgery, the third party "plan supervisor" certified the medical necessity of the intended hospitalization.[4] After the surgery, the County denied Mr. Tuckness's claim for reimbursement of the surgery's cost, finding the plan's exclusion for occupational sicknesses and injuries sustained in the course of employment was applicable.[5]

---

[2] In reviewing a trial court's ruling on a plea to the jurisdiction, we take all factual allegations pled as true, unless jurisdictionally relevant evidence was offered. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). All facts recited in this opinion are from appellees' live petition, including its attached exhibits, unless otherwise noted.

[3] The plan document, attached to the Tucknesses' original petition designates the County as "named fiduciary and plan administrator."

[4] The letter also provided, "If the claims and/or medical records do not support the initial information, the certification is not valid." The letter further stated that benefits or payments were not guaranteed and benefits were based on the employee's eligibility status at the time charges were incurred.

[5] The Tucknesses' pleadings refer to the plan's exclusion paragraph reading:

The following exclusions and limitations apply to expenses incurred by all Covered Persons:
***
Charges for any services or supplies provided in connection with an occupational sickness or an injury sustained in the scope of and in the course of any employment whether or not benefits are or could be

2

The plan document specified a two-tier review procedure for coverage disputes before "legal action is brought."  The Tucknesses exhausted the review procedure and filed suit against the County seeking a declaratory judgment.  They sought declarations that:

> Ronda Tuckness, was at all times pertinent hereto a Participant in the Plan. . . .  Plaintiff, Michael Tuckness was at all times pertinent hereto a Dependent for purposes of coverage under the Plan as defined by the Plan terms, conditions and/or definitions.  Plaintiff, Michael Tuckness, did not have any spinal exclusions in effect Under (sic) any term or condition of the Plan . . . which would prohibit denial of the claim as a pre-existing condition.  Plaintiff, Michael Tuckness, was not in the course and scope of employment [at the time of injury] with any person and/or entity.  Plaintiff, Michael Tuckness' . . . injury should be a covered medical charge under the terms and/or conditions of the [Plan].  Plaintiffs have complied with the terms and conditions of the Plan and all conditions precedent have been performed for payment of benefits under the [Plan].

In the prayer, the Tucknesses requested a declaration that, "Michael Tuckness's injury and subsequent surgery were not work related or an occupational injury and that [the County] pay all reasonable and necessary medical expenses related [to Mr. Tuckness's condition] . . . in accordance with the terms and conditions of the Plan.  In addition, your Plaintiffs ask for . . . actual damages in the amount of $34,872.78 for medical expenses."

The County interposed the affirmative defense of governmental immunity and filed a plea to the jurisdiction asserting the trial court lacked subject-matter jurisdiction. The Tucknesses filed a traditional motion for partial summary judgment challenging the

provided under Workers' Compensation.

3

County's claim of governmental immunity. Following recusal of the sitting judge, an assigned judge granted the Tucknesses' motion for partial summary judgment and overruled the County's plea to the jurisdiction. This interlocutory appeal by the County followed.

Issues

Through three issues the County urges its immunity from suit for the declaratory relief sought by the Tucknesses. The Tucknesses respond that immunity was expressly waived by the terms of the plan and statute and impliedly waived by the conduct of the County.

Analysis

A plea to the jurisdiction of the trial court based on governmental immunity challenges the subject-matter jurisdiction of the trial court. *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007). Whether the trial court lacks subject-matter jurisdiction is a question of law we review *de novo. Id.* "Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655 (Tex. 2008); *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006).[6] Sovereign and governmental immunities encompass two distinct principles, immunity from suit and immunity from liability. *Texas Dep't of Parks &*

---

[6] We refer to the immunity asserted by the County as governmental immunity. *Houston Mun. Empl. Pension Sys. v. Ferrell,* 248 S.W.3d 151, 154 n.2 (Tex. 2007) (governmental immunity protects counties).

4

*Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004); *Channelview Indep. Sch. Dist. v. A.R.C.I., Ltd.,* 199 S.W.3d 556, 559 (Tex.App.–Houston [1st Dist.] 2006, no pet.). Immunity from liability is an affirmative defense subject to waiver, but immunity from suit deprives a court of subject-matter jurisdiction. *Miranda,* 133 S.W.3d at 224.

Because immunity from suit affects the court's jurisdiction, it is properly raised in a plea to the jurisdiction. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 696 (Tex. 2003). A plea to the jurisdiction may be presented as either an attack on the sufficiency of the pleadings, as the County does here, or an evidentiary attack on the existence of jurisdictional facts. *See Miranda,* 133 S.W.3d at 226-27. We liberally construe the plaintiff's petition, looking to the pleader's intent. *Holland,* 221 S.W.3d at 642-43.

### *Waiver by Request for Declaratory Relief*

As a general proposition, governmental immunity is not a bar to suits seeking a declaration of a party's rights under a statute or regulation. *See Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex. 1994) (in suit challenging construction of compulsory school-attendance law by state officials, governmental immunity did not bar claim for declaratory relief). The County contends this exception is not applicable here because the Tucknesses did not seek a statutory interpretation but employed an action for declaratory relief to obtain a contract interpretation that would compel a particular action.

The Uniform Declaratory Judgment Act is a remedial statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and

other legal relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 2008);

*Texas Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002).

In relevant part, the act provides:

> A person interested under a . . . written contract . . . or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon 2008). Seeking declaratory relief does not alter the underlying nature of a suit or confer jurisdiction on a court where none otherwise exists. *IT-Davy,* 74 S.W.3d at 855.

In *Federal Sign v. Tex. Southern Univ.,* the court held "we distinguish suits to determine a party's rights against the State from suits seeking damages." 951 S.W.2d 401, 405 (Tex. 1997). Cases of the first type seek a declaration that state officers acted without legal or statutory authority and seek to compel conduct conforming to law. *IT-Davy,* 74 S.W.3d at 855. Generally, cases of this class are not barred by governmental immunity.[7] Cases of the second type seek declarations establishing contract validity,

---

[7] But cases involving such an "*ultra vires*" act may yet implicate governmental immunity through the remedy sought. *See City of El Paso v. Heinrich,* 284 S.W.3d 366, 373-74 (Tex. 2009). In *City of Houston v. Williams,* retired firefighters sought a declaration of rights under a statute concerning amounts deducted from payments they received on termination of employment. 216 S.W.3d 827, 828 (Tex. 2007). In finding no waiver of immunity by the city, the court noted the only claimed injury occurred in the past and the only plausible remedy was money damages. *Id.* at 828-29. Thus,

6

enforcing contract performance, or imposing contractual liabilities. Claims of this nature are unenforceable because their attempted effect is control of state action by imposing liability on the State. *IT-Davy,* 74 S.W.3d at 855-56. Specifically, "private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages, such as a contract dispute, as a declaratory-judgment claim." *Id.* at 856.

Here, the Tucknesses seek enforcement of a contract and recovery of damages rather than a declaration of rights under a statute or constitutional provision. Their suit attempts to adjudicate a breach of contract claim, nothing more. Immunity from suit was not waived simply because the Tucknesses couched their claim as one for declaratory relief. *See IT-Davy,* 74 S.W.3d at 860.

*Waiver by Contract*

As noted, the plan document specified a two-tier review process before initiation of "any legal action." Thus, argue the Tucknesses, the County contracted for a legal remedy after the exhaustion of administrative claim review procedures. It is unnecessary to, and we do not, interpret the meaning and effect of the plan document's remedies section because even accepting the interpretation given it by the Tucknesses, there is no waiver of governmental immunity. It is correct that the State waives immunity from liability on its contracts with a private party as if it were a private party. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.,* 39 S.W.3d 591, 594 (Tex. 2001). But

"retrospective monetary claims are generally barred by immunity" even though the suit seeks a declaration of rights under a statute. *See Heinrich,* 284 S.W.3d at 374.

7

waiver of immunity from suit for a claimed breach of contract requires a clear and unambiguous expression by the Legislature. *Travis County v. Pelzel & Assocs.,* 77 S.W.3d 246, 248 (Tex. 2002). It has long been settled in Texas that "it is the Legislature's sole province to waive or abrogate sovereign immunity." *Federal Sign,* 951 S.W.2d at 409 (citing authorities). Legislative consent to suits against the State may be granted by statute or resolution. *Gen. Serv. Comm'n,* 39 S.W.3d at 594; Tex. Civ. Prac. & Rem. Code Ann. § 107.001-.005 (Vernon 2005 & Supp. 2009) (resolution).

The County's plan language dealing with "any legal action" has no greater effect as a waiver of immunity from suit than the similar language in the Texas Natural Resource Conservation Commission's contract in *IT-Davy*, 74 S.W.3d at 851 (contract's remedies section stated claims or disputes would be decided by arbitration or in court). The court rejected a waiver-of-immunity-by-contract contention there, again pointing out that waivers of immunity from suit in contract claims are made only by the Legislature. *Id.* at 858. Absent express legislative authorization, the County could not contract to waive its immunity from suit.

*Waiver by Other Conduct*

The County accepted premiums paid on the plan for Mr. Tuckness and the plan supervisor submitted the previously noted letter to Mrs. Tuckness. The Tucknesses claim the conduct of the County brings their facts within the so-called "waiver by conduct exception" to governmental immunity. In a footnote in *Federal Sign* the court stated, "There may be. . . circumstances where the State may waive its immunity by conduct other than simply executing a contract so that it is not always immune from suit

8

when it contracts." 951 S.W.2d at 408 n.1. But if additional[8] such circumstances exist under current law,[9] the nature of the conduct necessary to bring a contract case within the contemplated exception is uncertain. In *IT-Davy*, the court was asked to carve out a waiver by conduct exception. 74 S.W.3d at 856-57. It declined, reaffirming "that it is the Legislature's sole province to waive or abrogate sovereign immunity." *Id.* That and other decisions have made clear that a governmental entity does not waive immunity from suit based on breach of a contract simply by accepting benefits under the contract. *See Tex. A&M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 840 (Tex. 2007) (listing cases); *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006) (rejecting contention city's partial performance of contract waived immunity). In *Pelzel & Assocs.*, the court found Travis County did not waive its immunity from suit by retaining part of its payment pursuant to the late-completion liquidated damages clause of a construction contract. 77 S.W.3d at 252. The supreme court again found the circumstances insufficient to show a waiver of immunity in *Catalina Development, Inc. v. County of El Paso,* 121

---

[8] The court has held that, by filing suit, a governmental entity waives immunity from suit as to certain counterclaims. *Reata,* 197 S.W.3d at 376-77. It also has held that, by settling a claim for which it has waived immunity, a governmental entity waives immunity for a suit to enforce the settlement. *Texas A & M University–Kingsville v. Lawson,* 87 S.W.3d 518, 521 (Tex. 2002) (plurality op.). Neither case has application here.

[9] The Austin Court of Appeals recently declined to adopt a waiver by conduct theory, citing the footnote in *Federal Sign*, 951 S.W.2d at 408 n.1, to note that the supreme court "once hinted that it might recognize waiver by conduct in the context of a contract claim" but that "it has since declined to judicially adopt this doctrine in light of the legislature's creation of an administrative remedy for breach-of-contract claims" under chapter 2260 of the Government Code. *Employees Retirement System of Texas v. Putnam, LLC,* 294 S.W.3d 309, 327 (Tex.App.–Austin 2009, no pet.) (op. on reh'g) (*citing IT-Davy*, 74 S.W.3d at 857). *See also Tooke v. City of Mexia, 197 S.W.3d 325, 342 (Tex. 2006)*, (listing recent years' legislative waivers of immunity from suit on contract claims, and referring to its "larger, more consistent legislative scheme for handling contract claims").

S.W.3d 704, 705-06 (Tex. 2003), holding the county's conduct merely was that associated with creation of its contract.[10]

The Tucknesses' pleadings in this case seek a resolution of their disagreement with the County that Mr. Tuckness's back injury was incurred in the course of his employment and thus excluded from coverage under the County's plan. Despite its equities, at bottom the case involves no more than a contract dispute. *See Pelzel & Assocs.,* 77 S.W.3d at 252 (county did not waive immunity by invoking contract's express terms); *IT-Davy,* 74 S.W.3d at 861 (Hecht, J., concurring) (finding parties had "legitimate disagreement" over price to be paid for extra work, and suit involved "nothing more than an ordinary contract dispute").

*Waiver by Statute*

The Tucknesses cite Local Government Code section 271.152 as a basis for waiver of immunity from suit. Chapter 271 waives a local governmental unit's sovereign immunity to suit for a claim that it breached a properly executed and authorized contract for providing goods or services to the local governmental entity. Tex. Local Gov't Code Ann. § 271.152 (Vernon 2005). But a county is excluded from the coverage of Chapter 271 because its definition of "local governmental entity" expressly excludes a county. Tex. Local Gov't Code Ann. § 271.151(3) (Vernon 2005). Accordingly, Chapter 271 has no application here.

---

[10] *But see Texas Southern University v. State Street Bank & Trust Co.*, 212 S.W.3d 893 (Tex.App.--Houston [1st Dist.] 2007, pet. denied) (op. on reh'g) (affirming trial court's denial of plea to jurisdiction based on "extraordinary factual circumstances" set forth in pleadings and university's conduct that "lured" plaintiff into contract).

*Incurable by Amendment*

A plaintiff is generally entitled to a reasonable opportunity to amend its petition "unless the pleadings affirmatively negate the existence of jurisdiction." *Koseoglu,* 233 S.W.3d at 839. But here, as in *Koseoglu,* remanding the case for a chance to amend would serve no legitimate purpose. The claim of the Tucknesses is for breach of contract. This fact, and the immunity of the County, will not change by an amended pleading alleging more facts. *See Id.,* 233 S.W.3d at 840; *Miranda*, 133 S.W.3d at 227 ("[i]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend").

## Conclusion

We conclude the County's governmental immunity from the underlying suit has not been waived. We therefore reverse the order of the trial court denying the County's plea to the jurisdiction and render judgment dismissing the Tucknesses' case against the County for want of jurisdiction.

James T. Campbell
Justice

11